*123
 
 Ruffin, C. J.
 

 The Court is of opinion, that the injunction was properly dissolved. It is not correct to say, that the purchase, money on Buchannan’s entry was paid into the treasury ; for it could only be lawfully received upon the certificate of the Secretary of State, setting forth the number and date of the entry, and the quantity of acres, found by the surveyor to be vacant, as the same may appear to exist by the returns made to him from the survey- or, or entry taker, or from the entry taker’s warrant or the plats of survey.
 
 Rev. St. Ch. 42 Sec.
 
 22. Nothing of that kind is'alleged here, and, indeed, it appears by an endorsement of the Secretary of State on the Treasurer’s receipt, which is annexed to the bill, as an exhibit, that there was no warrant or survey, returned to his office. The payment into the treasury, therefore, must be regarded as a merely voluntary and unauthorised act, and not as a payment on the entry, so as to entitle the party to a grant on it. Consequently the entry had lapsed and the land became subject to entry by any other person, under the 10th and 11th sections of the entry law. But if it were otherwise, and the money could be deemed a payment for the land, there is nothing in the case to afiect the defendant with notice of it, and he positively denies ever having heard of the entry of the 2nd of May 1836, until nearly a year after he had obtained bis own grant ; -and, certainly, without notice of it, the defendant might innocently and justly enter the land and lay out his money for it, after a lapse of upwards of five years from the date of the entry, and nearly three from that of (he alleged payment of the money into the treasury; and therefoie is'entitled in consequr.ee to hold it to his own use.
 

 If the acts, extending the time for perfecting titles
 
 to
 
 lands before entered, be urged for the plaintiffs, the answer is, that they all contain savings in general terms, that nothing in them shall afiect the rights of junior entries, except that of 1842, ch. 35, which, taken literally,
 
 *124
 
 qualifies the proviso, by restricting it to a subsequent entry, “for which the purchase money may. have been paid;” and in the case of
 
 Bryson
 
 v. Dobson, 3 Ire. Eq. 138, on the maxim, that the Legislature never intends to confer a favor on one citizen, which causes loss and injury to another, it was held, that those words were to be construed as not preferring a lapsed entry of 1836 before a junior entry, subsisting at the passing of the act, on which the purchase money was afterwards duly paid and a grant obtained in due time. In every point of view, therefore, according to the answer, the equity of the bill is completely removed ; and it must be certified t.o the Court of Equity, that there is no error in the decree. The plaintiff must pay the costs in this Court.
 

 Per Curiam.
 

 Decree accordingly.